In re John Richard GODDEN &
Linda Jean Godden, Debtors.

John Richard GODDEN, Plaintiff,

v.

STATE OF KANSAS, DEPARTMENT OF
SOCIAL AND REHABILITATION
SERVICES & District Court Trustee
Office, Tenth Judicial District, State of
Kansas, Defendants.

Bankruptcy No. 91–41961–2.
Adv. No. 93–4011–2.

United States Bankruptcy Court,
W.D. Missouri.

June 28, 1993.

Ross S. Myers, Independence, MO for plaintiff.

James B. Jackson, Kansas City, MO, John J. Phillips, Olathe, KS, for defendant.

## MEMORANDUM OPINION

FRANK W. KOGER, Chief Judge.

John and Linda Godden filed for relief under Chapter 7 on June 14, 1991, and were duly discharged on October 28, 1991. Listed among their creditors were child support and/or maintenance payments due under a decree of divorce rendered in 1973 and allegedly assigned to the State of Kansas as a result of funds paid to debtor John Godden's former wife for his two minor children. Debtor took no action in the original case to have the debt characterized as dischargeable and the State of Kansas pursued him, post discharge, for monies due it. This caused debtor to seek determination of whether such obligation was dischargeable or not.

Interestingly enough, the issue in this adversary action is a legal question and not a factual one. Instead of trying to divine what was the intent of the state court judge, the petitioner and the respondent at the time the dissolution decree was entered, the Court is presented with a new (at least to the Court) legal argument based upon the statutes (both state and federal) as applicable to the written decree of divorce.

The tiers of the debtor's argument start with 11 U.S.C. § 523(a)(5). That statute in pertinent part reads as follows:

A discharge under section 727 ... does not discharge an individual debtor from any debt ... to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with state or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 402(a)(26) of the Social Security Act [42 U.S.C. § 602(a)(26)], or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State); ...

Debtor acknowledges that by virtue of the above section the State of Kansas may be the assignee of a support obligation, but only if the assignment is correctly executed and completed. Debtor maintains that the assignment was not properly executed or completed.

Debtor points to the divorce decree next. In paragraph 10 of said decree Judge Walton ordered:

"10. That the Defendant (debtor herein) be ordered to pay to the Plaintiff the sum of $125.00 per week until further order of the Court for the support of the Plaintiff and the minor children".

The important point that debtor makes is that there is no segregation or differentiation between alimony and child support in said award. It is the only provision for alimony, maintenance, child support or any monetary allowance other than attorney fees. It is impossible to determine how much of the award is for Sylvia Godden (the petitioner) and how much is for John R. Godden, born April 26, 1968, and how much is for Charles Lee Godden, born June 21, 1971.

Next debtor points to K.S.A. § 39–754(b) which provides:

If a court has ordered support payments to be made to an applicant for or recipient of financial assistance or other person whose support rights are assigned, the secretary of social and rehabilitation services shall file a notice of the assignment with the court ordering the payments ...

Debtor introduced a copy of the aforesaid notice which was filed by the Secretary, State Department of Social and Rehabilitation Services. That document states that it has an assignment of rights to support of John R. Godden and Charles Lee Godden. There is nothing about the support rights of Sylvia Godden.

Debtor's argument then suggests that since only the support for John and Charles was assigned to the State and since there is no method to determine how much of $125.00 per week is attributable to John and Charles, the State cannot prove a valid assignment of any sum certain.

Kansas attempts to overcome this argument by saying that the entire $125.00 per week was assigned. That is possible and yet there is no evidence thereof. The only document relating to the assignment is the notice described above. That statutorily required notice says that only the child support was assigned. Kansas did not produce the assignment itself which might have clarified what Sylvia Godden assigned. Instead it argued as outlined above and as a fallback then suggested that this Court "may determine for itself what portion of such an order was for child support and what for maintenance".

While this Court is appreciative of Kansas's counsel's apparent recognition of the omniscience and omnipotence of this Court the Court declines to hazard a guess at how a state court judge in Johnson County, Kansas, in 1973, intended to divide $125.00 per week between one mother and two minor children. This Court simply is unable to determine how much the support for the two children was or was intended to be. Since that amount cannot be determined, it is impossible to determine how much was assigned to the State of Kansas.

Counsel for debtor has woven an intricate pattern from the federal statute, the state statute, and the divorce decree. While it is a very technical argument and while this Court believes that support obligations should not be discharged easily, counsel has established what the Court perceives to be a loophole in 11 U.S.C. § 523(a)(5). For that reason the debt of John Richard Godden to the State of Kansas, Department of Social and Rehabilitation Services is declared **DISCHARGED** by debtor's discharge in bankruptcy.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.

SO ORDERED.